UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE MCNEAL,

       Plaintiff,

v.                                   Case No. 2:11-cv-78
                                          HON. GORDON J. QUIST
GARY KOTT, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Prisoner Lance McNeal filed this pro se lawsuit against defendants MDOC employees Gary Kott, Dave Lalonde, Jerry Harwood, Jeff Woods, Richard Piazza and Patricia Caruso. Plaintiff complains that his rights were violated while he was confined at the Kinross Correctional Facility. Plaintiff complains that defendants violated his substantive due process rights, his Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference to a medical need, retaliated against him for filing grievances, and violated the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA).

Plaintiff suffers with an enlarged prostate that causes him to urinate more frequently. On March 23, 2009, during hour count, which occurs five time per day, plaintiff asked multiple times to use the bathroom. Defendant Kott denied that request and plaintiff was forced to use the bathroom without permission. Defendant Kott issued plaintiff three misconduct tickets and told plaintiff that there was no emergency. Plaintiff complains that inmates believe that the officers use

the count time as a coffee break and defendant Kott has been observed sleeping during count time. As a result, plaintiff was confined in his cell for 14 days with loss of privileges.

Plaintiff was told that he needed to obtain a medical detail for his medical needs from health care staff. However, defendant Dr. Piazza told plaintiff that he could not give him a medical detail because bathroom issues are custody determinations and defendant Warden Woods would not allow him to write such a detail. On March 27, 2009, this was confirmed by Nurse Williams who wrote: " health care is unable to write details for bathroom purposes, this is a custody issue."

On April 2, 2009, plaintiff requested to use the bathroom during count. Defendant Kott denied plaintiff's request and plaintiff was forced to urinate on himself. Plaintiff complained to defendant Lalonde about defendant Kott's refusal to allow plaintiff to use the bathroom. LaLonde stated that he supported defendant Kott's refusals to allow plaintiff to use the bathroom and then he smiled at plaintiff. Plaintiff filed a grievance on defendant Kott's refusal to grant permission to use the bathroom.

On April 14, 2009, plaintiff received a medical detail from health care giving plaintiff additional access to the bathroom. Plaintiff gave defendant Kott a copy of the medical detail and defendant Kott just laughed and said it meant nothing because he still had to give plaintiff permission. Plaintiff sent a kite requesting a transfer because defendant Kott stated that he would not follow the medical detail. On April 18, 2009, defendant Kott denied plaintiff's request to use the bathroom forcing plaintiff to urinate in a bottle in the presence of his three roommates. Plaintiff complains that other inmates were able to use the bathroom at this time. Plaintiff complains that defendants Lalonde and Woods upheld his grievance and complaints indicating that officers have the right to give or refuse permission to allow an inmate to use the bathroom during count time.

Plaintiff asserts that on May 28, 2009, defendant Kott moved him to F-Unit and told plaintiff "inmates entering F-unit are known for having a lot of their property taken by officer Fountain." Plaintiff complains that this was a retaliatory transfer to a less desirable unit and resulted in loss of property, reduced living area, less storage space and a more stressful living environment. Plaintiff grieved his move. Defendant Lalonde responded to the grievance stating that he made the move to help plaintiff.

Plaintiff was transferred to the Ryan Correctional Facility on December 22, 2010, and was denied access to the bathroom on three occasions by Officers Terril and King. However, on March 2, 2011, this issue was resolved by ARUS Randall and Officer King by providing plaintiff written permission to use the bathroom during count.

Defendants have move for summary judgment.[1] Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad*

---

[1]Defendant Piazza has not been served with a summons and complaint and has not waived service.

*v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).   However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Each defendant argues that they lacked personal involvement in all of plaintiff claims or some of plaintiff's claims.  Defendants Caruso, Harwood and Woods assert that they should be dismissed from this lawsuit based upon lack of personal involvement.  Defendant Kott argues that he should be dismissed from plaintiff's retaliation claim for lack of personal involvement and defendant Lalonde argues that he should be dismissed from plaintiff's Eighth Amendment claims for lack of personal involvement.

Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

- 4 -

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990). Where a defendant's only role involves the denial of administrative grievances or the failure to act, a defendants cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000).

Plaintiff has not asserted any allegation in the complaint against defendant Caruso. It appears defendant Caruso is named in the complaint solely because she was the Director of the MDOC. Plaintiff concedes that defendant Caruso should be dismissed from the case. Similarly, defendant Harwood appears to be named solely because he was the Assistant Warden at the facility. Plaintiff has named these defendants simply because of their supervisory capacity. Neither defendant was directly involved in denying plaintiff bathroom privileges during count.

Similarly, plaintiff concedes that defendant Kott was not involved in the allegations regarding plaintiff's transfer. Although defendant Lalonde asserts that he was not involved in the denial of bathroom privileges, plaintiff has submitted sufficient allegations against defendant Lalonde which show that he supported and authorized defendant Kott's refusals to provide plaintiff access to the bathroom during count. Defendant Woods is the Warden of Kinross and plaintiff alleges that he was directly involved in this matter by disallowing medical staff from providing plaintiff a medical detail due to plaintiff's enlarged prostate. If this is true, defendant Woods may have directly subjected himself to liability under the Eighth Amendment for being deliberately indifferent to an inmate's medical needs. However, plaintiff's complaint against defendant Woods regarding retaliation was that he sent defendant Woods a kite after the transfer was made. Accordingly, defendant Woods clearly did not have any personal involvement in the subject matter of plaintiff's retaliation claims.

In the opinion of the undersigned, plaintiff has not alleged facts establishing that defendants Caruso and Harwood were personally involved in the activity which forms the basis of his claim. Plaintiff has not shown that defendant Woods was personally involved in the alleged retaliation. Further, plaintiff has conceded that defendant Kott is entitled to dismissal from his retaliation claims.

- 6 -

Defendants assert that plaintiff's retaliation claims must fail. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Lalonde states that he was contacted by another Resident Unit Manager who wanted to transfer an inmate to a new unit because that inmate was having trouble with staff and it was felt a new environment would be best for the inmate. Defendant Lalonde knew that plaintiff was having some difficulties with a staff member in the E-unit regarding bathroom usage during count. Defendant Lalonde felt that plaintiff could benefit from a transfer to a new environment. So the move was made to benefit both prisoners. Defendant Lalonde states that F-unit is one of seven level II general population units and although it is laid-out differently than E-unit it is not considered a down-grade in living conditions or punishment. Moreover, plaintiff had made several requests to move out of E-unit in the past. Plaintiff simply asserts that he was retaliated against. However, despite plaintiff's claims of a less desirable unit, plaintiff was moved to a different level II unit and plaintiff made no further complaints while housed in that unit about being refused bathroom breaks. In the opinion of the undersigned, plaintiff has not shown adverse conduct

or a causal relationship between his grievance filings and his transfer to a different level II unit.  It is the opinion of the undersigned that plaintiff's retaliation claims should be dismissed.

Defendants move to dismiss plaintiff's Eighth Amendment claims.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

In the opinion of the undersigned, plaintiff has established that he had a medical condition that required him to make frequent visits to the bathroom.  Defendants Kott, Woods and

- 8 -

Lalonde had knowledge of that condition.  Plaintiff has submitted sufficient factual evidence which could show that defendants Kott, Woods and Lalonde were deliberately indifferent to plaintiff's medical needs and further may have subjected him to cruel and unusual punishment by denying him use of the bathroom.

Defendants also move for qualified immunity on this issue.  However, when making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff.  Part of the analysis is to determine whether there are any genuinely disputed questions of material fact.  *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998).  Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge.  "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding."  *Id.*  In the opinion of the undersigned, because there are disputed questions of fact on plaintiff's Eighth Amendment claims qualified immunity is an unavailable defense on these facts.[2]

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #16) be granted in part, dismissing plaintiff's retaliation claims and dismissing defendants Caruso and Harwood.  It is recommended that defendants' motion be denied on plaintiff's Eighth Amendment, ADA and RA claims against defendants Woods, Lalonde and Kott.[3]

---

[2]Defendants made a blanket statement that are entitled to qualified immunity on "plaintiff's claims under the American with Disabilities Act and the Rehabilitation Act."  However, defendants made no attempt to explain to the court why those claims should be dismissed.

[3]To the extent that plaintiff is suing the individual defendants in their official capacities, such claims are barred by the Eleventh Amendment.  *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


                                         /s/ Timothy P. Greeley
                                         TIMOTHY P. GREELEY
                                         UNITED STATES MAGISTRATE JUDGE

Dated:   February 16, 2012