UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LANCE MCNEAL,

        Plaintiff,

v.                                       Case No. 2:11-CV-78

GARY KOTT, et al.,              HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Defendants Kott, LaLonde, and Woods have filed Objections to the Report and Recommendation ("R & R") issued on February 22, 2012, in which Magistrate Judge Greeley recommended that the Court grant in part and deny in part Defendants' motion for summary judgment. Plaintiff has also filed Objections.

Plaintiff asserts claims for violation of his Eighth Amendment rights and a claim for retaliation in violation of his First Amendment rights. Plaintiff also asserts claims for violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) that the R & R did not specifically address. Regarding lack of personal involvement in Plaintiff's constitutional claims, the magistrate judge concluded that: (1) Defendants Caruso and Harwood are entitled to summary judgment on all claims; (2) Defendants Kott and Woods are entitled to summary judgment on the retaliation claim; and (3) Defendants Lalonde and Woods are not entitled to summary judgment on the Eighth Amendment claim. (R & R at 6.) Regarding the Eighth Amendment claim, the magistrate judge concluded that Plaintiff's allegations against Defendants Kott, Woods, and Lalonde are sufficient to sustain his claim against those Defendants. (*Id.* at 8-9.) Finally, the magistrate

judge recommended that summary judgment be granted on Plaintiff's retaliation claim because Plaintiff has failed to show the requisite adverse action or causal connection.  (*Id.* at 7-8.)

Defendants LaLonde and Woods object to the magistrate judge's conclusion that Plaintiff has alleged sufficient facts to demonstrate their personal involvement in Plaintiff's Eighth Amendment claims against them, and Defendants Kott, LaLonde, and Woods all object to the magistrate judge's conclusion that Plaintiff has established an Eighth Amendment violation.  In his Objections, Plaintiff takes issue with the magistrate judge's recommendation regarding Plaintiff's retaliation claim and the dismissal of his official capacity claims.

After conducting a *de novo* review of the Report and Recommendation, the parties' Objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted in part and rejected in part, as set forth below.

*Defendants' Objections*

**1.  Personal Involvement**

Defendants LaLonde and Woods argue that the magistrate judge erred in concluding that Plaintiff has shown that they were personally involved in denying Plaintiff use of the bathroom for purposes of Plaintiff's Eighth Amendment claims.  Regarding Defendant LaLonde, the magistrate judge found that Plaintiff's evidence regarding Defendant LaLonde's statement that he supported and authorized Defendant Kott's refusal to allow Plaintiff to use the bathroom during count was sufficient to show that Defendant LaLonde authorized Defendant Kott's allegedly unconstitutional actions.  Although Defendant Lalonde argues that he was not personally involved in denying Plaintiff bathroom privileges and that he only interviewed Plaintiff concerning a kite that Plaintiff submitted, the Court agrees with the magistrate judge that Plaintiff's evidence is sufficient to show that Defendant LaLonde authorized or approved the unconstitutional conduct.

Regarding Defendant Woods, the magistrate judge concluded that Plaintiff's allegation that Defendant Woods precluded medical staff from providing Plaintiff a medical detail due to Plaintiff's enlarged prostrate suffices to render Defendant Woods liable for the alleged violation. Plaintiff's evidence shows that the medical staff refrained from providing him a medical detail because Defendant Woods told them that use of bathrooms during count time was a custody issue. While Defendant Woods did not directly participate in the denial of bathroom privileges to Plaintiff, he did so indirectly through his alleged refusal to allow medical staff to provide Plaintiff a medical detail. The Court concurs with the magistrate judge that Plaintiff's evidence suffices to show that Defendant Woods may be directly liable for violating Plaintiff's Eighth Amendment rights.

### 2. Eighth Amendment Claim

Defendants also object to the magistrate judge's denial of their motion on Plaintiff's Eighth Amendment claim because the evidence fails to show that they were deliberately indifferent. The Court disagrees. Plaintiff has shown that he complained to Defendant Kott on numerous occasions and informed Defendant Kott of his medical need to use the restroom. The fact that Plaintiff lacked a medical detail does not necessarily absolve Defendant Kott of liability. Moreover, Plaintiff alleges that even after he obtained a medical detail, Defendant Kott continued to refuse Plaintiff bathroom privileges. Unlike other cases which have found no Eighth Amendment violation for an isolated and temporary refusal to allow a prisoner to use the bathroom, *see Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248 (W.D. Mich. Aug. 4, 2010), Plaintiff alleges repeated refusals that were not temporary.

With regard to Defendants LaLonde and Woods, the Court concludes for the reasons set forth above that Plaintiff has adequately alleged a claim against them.

*Plaintiff's Objections*

### 1. Retaliation Claim

Plaintiff objects to the magistrate judge's recommendation that the Court dismiss Plaintiff's retaliation claim. The magistrate judge concluded that Plaintiff's retaliation claim fails on both the adverse action and causal connection prongs of his claim. Regarding adverse action, the magistrate judge reasoned that even though Plaintiff claims that the unit to which he was transferred was less desirable than the unit in which he was housed, Plaintiff made no further complaints about being refused bathroom breaks in his new housing unit. Regarding the lack of a causal connection, the magistrate judge noted that Plaintiff had previously requested a transfer and Plaintiff was moved to F-unit in a move that benefitted Plaintiff and another prisoner who was moved out of F-unit due to issues with custody staff in that unit.

Having reviewed Plaintiff's Objections, the Court concludes that Plaintiff has presented sufficient evidence to show both an adverse action and a causal connection. Regarding adverse action, Plaintiff has shown that even though F-unit is one of seven level II housing units at KCF, it is considered less-desirable for a number of reasons. Plaintiff contends that instead of having four-man rooms, as was the case in E-Unit, where Plaintiff was housed, F-Unit is a 50-man "cube", has less living and storage space, and prisoners in F-Unit were subjected to higher rates of property confiscation than prisoners in other units. (Conner Decl. ¶¶ 5-6.) Plaintiff also states that F-Unit is the furthest unit from the cafeteria, and because of this distance, he suffered an asthma attack after being moved to F-Unit and had to be moved back to four-man room closer to the cafeteria. The Court concludes that, given Plaintiff's evidence, the transfer to F-Unit–a less-desirable housing unit–was more than a *de minimis* retaliatory act. *See Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989) (reversing a grant of summary judgment and concluding that the plaintiff sufficiently alleged

a retaliation claim where he was transferred from a light labor job to a job that subjected him to extreme hardship and health risks); *Chavis v. Struebel*, 317 F. Supp.2d 232, 238 (W.D.N.Y. 2004) ("transferring an inmate to another housing unit or to a psychiatric facility or assigning the inmate a less desirable work assignment satisfies the adverse action requirement").

The magistrate judge concluded that Plaintiff failed to demonstrate a causal connection because Defendant LaLonde knew that Plaintiff was having trouble with a staff member in E-unit and an opportunity arose to essentially swap Plaintiff with a prisoner in F-Unit who was having trouble with a staff member there. Thus, according to Defendant LaLonde, the move was made to benefit both prisoners. Plaintiff notes, however, that Defendant LaLonde made the transfer one week after Defendants Kott and LaLonde were finally ordered to allow Plaintiff to use the bathroom during count time. Although temporal proximity is usually not enough, by itself, to establish a causal connection, it is some evidence of a causal connection. *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (noting that "temporal proximity favors Plaintiff" but concluding the defendant's undisputed evidence showed that the plaintiff had been very uncooperative at work). Here, temporal proximity supports Plaintiff's claim. Moreover, while Plaintiff did previously request to be transferred to a different unit, it appears that he consistently requested to be transferred to Units A-D, which were similar to E-Unit, but he was instead transferred to the less-desirable F-Unit. Thus, Plaintiff has adequately demonstrated a causal connection.

### 2. Official Capacity Claims

Plaintiff also objects to the dismissal of his official capacity claims. He contends that he is not barred from seeking declaratory and injunctive relief against Defendants in their official capacities. *See Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). However, it appears that the unlawful conduct has ceased, and there is no indication that it is continuing. Therefore, Plaintiff's

official capacity claims are appropriately dismissed. *See Thompson v. Stapleton*, 403 F. App'x 986, 987 (6th Cir. 2010) ("And because Thompson-Bey has been released from prison, there is no continuing violation, and thus his official-capacity claims for declaratory relief are barred.").

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 16, 2012 (docket no. 29 ) is **ADOPTED IN PART AND REJECTED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (docket no. 16) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **granted** with regard to all of Plaintiff's claims against Defendants Caruso and Harwood and with regard to Plaintiff's retaliation claim against Defendants Woods and Kott.  The motion is **denied** with regard to Plaintiff's retaliation claim against Defendant LaLonde and Plaintiff's Eighth Amendment, ADA, and RA claims against Defendants Kott, LaLonde, and Woods.

Dated:  March 27, 2012                     /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE