UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE MCNEAL,

    Plaintiff,

v.                                                     Case No. 2:11-cv-78
                                                      HON. GORDON J. QUIST

GARY KOTT, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Prisoner Lance McNeal filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC employees Gary Kott, Dave Lalonde, Jerry Harwood, Jeff Woods, Richard Piazza and Patricia Caruso. Plaintiff's complaint alleges that his rights were violated while he was confined at the Kinross Correctional Facility. Plaintiff complains that Defendants violated his substantive due process rights and his Eighth Amendment rights. Plaintiff also alleges that Defendants retaliated against him for filing grievances and violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff is suing Defendants in both their individual and official capacities and seeks compensatory and punitive damages.

Plaintiff suffers from an enlarged prostate that causes him to urinate more frequently. On March 23, 2009, during hour count, which occurs five time per day, Plaintiff asked multiple times to use the bathroom. Defendant Kott denied the requests and Plaintiff was forced to use the bathroom without permission. Defendant Kott issued Plaintiff three misconduct tickets and told

Plaintiff that there was no emergency. As a result, Plaintiff was confined in his cell for 14 days with loss of privileges. Plaintiff complains that inmates believe that the officers use the count time as a coffee break and Defendant Kott has been observed sleeping during count time.

Plaintiff was told that he needed to obtain a detail for his medical needs from health care staff. However, Defendant Dr. Piazza told Plaintiff that he could not give him a medical detail because bathroom issues are custody determinations and Defendant Warden Woods would not allow him to write such a detail. On March 27, 2009, this was confirmed by Nurse Williams who wrote: " health care is unable to write details for bathroom purposes, this is a custody issue."

On April 2, 2009, Plaintiff requested to use the bathroom during count. Defendant Kott denied Plaintiff's request and Plaintiff was forced to urinate on himself. Plaintiff complained to Defendant Lalonde about Defendant Kott's refusal to allow Plaintiff to use the bathroom. Defendant Lalonde stated that he supported Defendant Kott's refusals to allow Plaintiff to use the bathroom and then he smiled at Plaintiff. Plaintiff filed a grievance on Defendant Kott's refusal to grant permission to use the bathroom.

On April 14, 2009, Plaintiff received a medical detail from health care giving Plaintiff additional access to the bathroom. Plaintiff gave Defendant Kott a copy of the medical detail and Defendant Kott just laughed and said it meant nothing because he still had to give Plaintiff permission. Plaintiff sent a kite requesting a transfer because Defendant Kott stated that he would not follow the medical detail.

On April 18, 2009, Defendant Kott denied Plaintiff's request to use the bathroom, forcing Plaintiff to urinate in a bottle in the presence of his three roommates. Plaintiff contends that other inmates were able to use the bathroom at this time. Plaintiff complains that Defendants

Lalonde and Woods upheld the denial of his grievance, indicating that officers have the right to give or refuse permission to allow an inmate to use the bathroom during count time.

Plaintiff asserts that on May 28, 2009, Defendant Kott moved Plaintiff to F-Unit and told Plaintiff that "inmates entering F-unit are known for having a lot of their property taken by Officer Fountain." Plaintiff complains that this was a retaliatory transfer to a less desirable unit and resulted in loss of property, reduced living area, less storage space and a more stressful living environment. Plaintiff grieved his move. Defendant Lalonde responded to the grievance stating that he made the move to help Plaintiff.

Plaintiff was transferred to the Ryan Correctional Facility on December 22, 2010, and was denied access to the bathroom on three occasions by Officers Terril and King. However, on March 2, 2011, this issue was resolved by ARUS Randall and Officer King by providing Plaintiff written permission to use the bathroom during count.

On March 27, 2012, the court dismissed Plaintiff's retaliation claims against Defendants Wood and Kott and Plaintiff's official capacity claims. Plaintiff's Eighth Amendment, ADA and RA claims remain against all three Defendants, as well as Plaintiff's retaliation claim against Defendant Lalonde.

Presently before the Court is Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, addressing Plaintiff's RA and ADA claims. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers

to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants state they are entitled to summary judgment with regard to the ADA and RA claims because neither the ADA nor the RA impose liability upon individuals. The Sixth Circuit concurs that there is no such liability. *Lee v. Michigan Parole Board*, No. 03-1775, 2004 WL 1532563 (6th Cir. 2004). As stated in *Lee*:

> Lee may not maintain an action under the ADA or the RA against the individual defendants identified in his complaint because neither the ADA nor the RA impose liability upon individuals. 29 U.S.C. § 794(b)(RA); 42 U.S.C. § 12131(1)(ADA).

*Id.* at 1. Therefore, since the ADA and RA do not impose liability on individuals, Defendants are entitled to summary judgment on Plaintiff's individual ADA and RA claims.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment with regard to his ADA and RA claims. Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket #34) be granted.[1]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2012

---

[1] Plaintiff's retaliation claim against Defendant Kott and Plaintiff's Eighth Amendment claim against Defendants Kott, Lalonde, and Woods remain before the Court.