UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LANCE MCNEAL,

        Plaintiff,

v.                                                   Case No. 2:11-CV-78

GARY KOTT, et al.,                      HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff has filed Objections to the Report and Recommendation ("R & R") issued on August 17, 2012, in which Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment on Plaintiff's individual capacity claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Defendants moved for summary judgment on those claims on the ground that there is no individual liability under the ADA or the RA. The magistrate concluded that the motion should be granted based on the Sixth Circuit's decision in *Lee v. Michigan Parole Board*, 104 F. App'x 490, 492 (6th Cir. 2004).

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the Report and Recommendation should be adopted.

Plaintiff raises two arguments in his Objections. First, Plaintiff contends that Defendants waived their right to future review of the ADA and RA claims by failing to object to the magistrate judge's recommendation in his first R & R issued on February 16, 2012 (docket no. 29) that Defendants' motion for summary judgment be denied on Plaintiff's ADA and RA claims. Plaintiff

points out that Defendants raised the ADA and RA claims in their prior motion for summary judgment and this Court has already concluded that those claims may proceed. Plaintiff fails to note, however, that in their initial motion, Defendants argued that they were entitled to summary judgment on the basis of qualified immunity. In the instant motion, however, Defendants argued that they are entitled to summary judgment because there is no individual liability under the ADA or the RA. Thus, Defendants' failure to object did not preclude Defendants from seeking summary judgment in a second motion based on an entirely separate legal ground.

Plaintiff also contends that the magistrate judge failed to address Plaintiff's argument that he is not suing Defendants individually on his ADA and RA claims, but instead is suing them in their official capacities, as he is allowed to do under both the ADA and RA. Plaintiff is correct that the magistrate judge did not address his official capacity claims, but he had no occasion to do so. Defendants' motion only addressed individual capacity claims. Plaintiff's official capacity claims remain in the case because the R & R addressed Plaintiff's ADA and RA claims only to the extent Plaintiff sued Defendants individually. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued on August 17, 2012 (docket no. 60) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections are **OVERRULED**, Defendants' Motion for Summary Judgment (docket no. 34) is **GRANTED**, and Plaintiff's individual capacity ADA and RA claims are **DISMISSED**.


Dated: September 11, 2012                    /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE