UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LANCE MCNEAL,

        Plaintiff,                        Case No. 2:11-cv-78

v.                                          Honorable Gordon J. Quist

GARY KOTT, et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Prisoner Lance McNeal filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants MDOC employees Gary Kott, Dave Lalonde, Jerry Harwood, Jeff Woods, Richard Piazza and Patricia Caruso. Plaintiff's complaint alleges that his rights were violated while he was confined at the Kinross Correctional Facility. Plaintiff complains that Defendants violated his substantive due process rights and his Eighth Amendment rights. Plaintiff also alleges that Defendants retaliated against him for filing grievances and violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Plaintiff is suing Defendants in both their individual and official capacities and seeks compensatory and punitive damages.

Plaintiff suffers from an enlarged prostate that causes him to urinate frequently. On March 23, 2009, during hour count, which occurs five time per day, Plaintiff asked multiple times to use the bathroom. Defendant Kott denied the requests and Plaintiff used the bathroom without permission. Defendant Kott issued Plaintiff three misconduct tickets and told Plaintiff that there was no emergency. As a result, Plaintiff was confined in his cell for 14 days with loss of privileges.

Plaintiff complains that inmates believe that the officers use the count time as a coffee break and Defendant Kott has been observed sleeping during count time.

Plaintiff was told that he needed to obtain a detail for his medical needs from health care staff. However, Defendant Dr. Piazza told Plaintiff that he could not give him a medical detail because bathroom issues are custody determinations and Defendant Warden Woods would not allow him to write such a detail. On March 27, 2009, this was confirmed by Nurse Williams who wrote: " health care is unable to write details for bathroom purposes, this is a custody issue."

On April 2, 2009, Plaintiff requested to use the bathroom during count. Defendant Kott denied Plaintiff's request and Plaintiff urinated on himself. Plaintiff complained to Defendant Lalonde about Defendant Kott's refusal to allow Plaintiff to use the bathroom. Defendant Lalonde stated that he supported Defendant Kott's refusals to allow Plaintiff to use the bathroom and then he smiled. Plaintiff filed a grievance on Defendant Kott's refusal to grant permission to use the bathroom.

On April 14, 2009, Plaintiff received a medical detail from health care giving Plaintiff additional access to the bathroom. Plaintiff gave Defendant Kott a copy of the medical detail and Defendant Kott laughed and said it meant nothing because he still had to give Plaintiff permission. Plaintiff sent a kite requesting a transfer because Defendant Kott stated that he would not follow the medical detail.

On April 18, 2009, Defendant Kott denied Plaintiff's request to use the bathroom forcing Plaintiff to urinate in a bottle in the presence of his roommates. Plaintiff contends that other inmates were able to use the bathroom at this time. Plaintiff complains that Defendants Lalonde and Woods upheld the denial of his grievance, indicating that officers have the right to give or refuse permission to allow an inmate to use the bathroom during count time.

2

Plaintiff asserts that on May 28, 2009, Defendant Kott moved him to F-Unit and told Plaintiff "inmates entering F-unit are known for having a lot of their property taken by Officer Fountain." Plaintiff complains that this was a retaliatory transfer to a less desirable unit and resulted in loss of property, reduced living area, less storage space and a more stressful living environment. Plaintiff grieved his move. Defendant Lalonde responded to the grievance stating that he made the move to help Plaintiff.

Plaintiff was transferred to the Ryan Correctional Facility on December 22, 2010, and was denied access to the bathroom on three occasions by Officers Terril and King. However, on March 2, 2011, this issue was resolved by ARUS Randall and Officer King by providing Plaintiff written permission to use the bathroom during count.

On March 27, 2012, the court dismissed retaliation claims against Defendants Wood and Kott and dismissed Plaintiff's official capacity claims. On September 11, 2012, the court dismissed Plaintiff's individual capacity ADA and RA claims. Plaintiff's Eighth Amendment claims and official capacity ADA and RA claims remain against all three Defendants, as well as Plaintiff's retaliation claim against Defendant Lalonde.

On May 18, 2012, Defendant Piazza filed a motion for summary judgment[1] (docket #47) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #55) and brief (docket #56) on or about June 25, 2012. Defendant Piazza filed a reply (docket #59) to Plaintiff's response on July 12, 2012, and the matter is ready for

---

[1] Defendant Piazza asserts that his motion is a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(B)(6). However, because Defendant Piazza has asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

3

decision. Upon review, I recommend that Defendant Piazza's motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be granted.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his

4

showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendant Piazza claims that he is entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance

procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC

director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

As noted by Defendant Piazza, Plaintiff's allegations against him date back to March 23, 2009. Plaintiff's amended complaint was filed on May 4, 2011. Defendant Piazza states that during the time between March 23, 2009, and May 4, 2011, Plaintiff filed six grievances through to step III and that only four of those grievances are relevant to the issues and parties in Plaintiff's Amended Complaint. Defendant Piazza attaches a copy of the MDOC Grievance Inquiry Screen for Plaintiff, which shows that Plaintiff filed step III grievances on May 12, 2009, June 2, 2009, July 10, 2009, August 11, 2009, March 9, 2011, and March 25, 2011, and that all other step III grievances were filed outside the pertinent time period. (Defendant Piazza's Exhibit A, docket #47-2.)

Grievance Number KCF-09-06-0900-17b was filed at step I on June 5, 2009, and alleges that prison employees Lalonde, Mallette, Cushman, Kott, Zimmerman, King, Wallace, Renard, Mackie, and Fountain retaliated against Plaintiff by moving him from a three man room in E-Unit to a dorm setting in F-Unit because of past grievances filed against them. This grievance does not mention Defendant Piazza. (Defendant Piazza's Exhibit B, docket #47-3.) Grievance Number KCF-09-06-907-12i was filed at step I on June 8, 2009, and alleges that Nurse Sizer, Medical Service Provider Wilson, and Defendant Piazza refused to provide Plaintiff with a bottom bunk detail for symptoms associated with his enlarged prostate. As noted by Defendant Piazza, this grievance does not relate to any of the claims asserted in Plaintiff's amended complaint. (Defendant Piazza's Exhibit C, docket #47-4.)

7

Grievance Number KCF-09-04-564-03f was filed at step I on April 8, 2009, and alleges that Defendant Kott improperly denied Plaintiff use of the bathroom at any time "during the count hour," which resulted in Plaintiff urinating on himself. The step I grievance further complains that Officer Kott, Resident Unit Manager Lalonde, Assistant Deputy Warden Harwood, Warden Woods, and Director Caruso violated his substantive due process rights by refusing to allow him to use the bathroom and were deliberately indifferent to his serious medical needs. Defendant Piazza is not mentioned in this step I grievance. (Defendant Piazza's Exhibit D, docket #47-5.)

Grievance Number KCF-09-03-477-28e was filed at step I on March 26, 2009, and alleges that Defendant Piazza and others failed to provide Plaintiff with a medical detail or accommodation that would allow him to use the bathroom during count. (Defendant Piazza's Exhibit E, docket #48-1.) Plaintiff's grievance was rejected at steps I, II and III as being untimely. As noted in the step I and II responses, Plaintiff failed to provide any valid reason for the delay in filing his grievance as required by PD 03.02.130 ¶ P. (Defendant Piazza's Exhibit E, docket #48-1.)

A review of the record supports Defendant Piazza's assertion that Plaintiff failed to properly exhaust his administrative remedies against him. As noted above, only one of the grievances is relevant to the claims being asserted against Defendant Piazza in Plaintiff's complaint. In fact, Plaintiff concedes that this is the case. Moreover, Plaintiff admits that the remaining grievance, KCF-09-03-477-28e was rejected as untimely at each level. Pursuant to MDOC Policy Directive 03.03.120 ¶ G, a grievance may be rejected if it is filed in an untimely manner, except that it shall not be rejected if there is a valid reason for the delay, such as a transfer. Plaintiff did not provide a valid reason for the delay. As noted in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion requires "proper exhaustion," in compliance with prison grievance procedures. *Id.* at 90. "Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Plaintiff failed to comply with the MDOC grievance time limitation and time lines. Plaintiff's failure to comply with MDOC grievance policy caused his failure to properly exhaust his grievance remedies against Defendant Piazza.

For the foregoing reasons, I recommend that Defendant Piazza's motion for summary judgment for failure to exhaust administrative remedies (docket #47) be granted.[2]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); W.D. MICH. LCIVR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

---

[2]Defendant Piazza makes other arguments regarding the merits of Plaintiff's claims. However, the undersigned need not address these as it is clear that Plaintiff did not exhaust his claims against Defendant Piazza. In addition, the undersigned notes that the majority of these arguments have been addressed by the court in prior opinion and orders.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                 /s/ Timothy P. Greeley  
                                                TIMOTHY P. GREELEY  
                                                UNITED STATES MAGISTRATE JUDGE

Dated:   December 6, 2012