UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

LANCE MCNEAL #302062,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 2:11-CV-78

GARY KOTT and　　　　　　　　　　　　　HON. GORDON J. QUIST
DAVID LALONDE,

    Defendants.
_____/

## MEMORANDUM ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

Defendants Woods, LaLonde, and Kott have filed Objections (dkt. # 150) to the Report and Recommendation (R & R) issued on December 12, 2013 (dkt. # 136), in which Magistrate Judge Greeley recommended that the Court deny Defendants' motions for summary judgment. Plaintiff has filed a response to Defendants' Objections. (Dkt. # 151.)

Plaintiff suffers from an enlarged prostrate, benign prostatic hyperplasia, that causes him to urinate frequently. Plaintiff alleges that, on several occasions, Defendants violated his Eighth Amendment rights by refusing him permission to use the bathroom to relieve his urgent need to urinate during hour count. Plaintiff also alleges that Defendant Lalonde retaliated against him for filing grievances. Finally, Plaintiff alleges that Defendants violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA).

In its March 27, 2012 Order Adopting in Part and Rejecting in Part Report and Recommendation (dkt. # 43), this Court: (1) rejected Defendants LaLonde's and Woods's argument that Plaintiff failed to present sufficient evidence to show that they were personally involved in

denying Plaintiff use of the bathroom during count; (2) concluded that Plaintiff presented sufficient evidence to create a factual issue on whether Defendants violated Plaintiff's rights under the Eighth Amendment; and (3) concluded that Plaintiff presented sufficient evidence to establish the adverse action and causal connection requirements for a First Amendment retaliation claim. In the instant R & R, the magistrate judge again rejected Defendants' argument that Plaintiff fails to establish an Eighth Amendment violation, and further concluded that Defendants are not entitled to qualified immunity on this claim. Regarding Plaintiff's retaliation claim, the magistrate judge concluded that Plaintiff established the elements of such claim under *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), and that Defendants are not entitled to qualified immunity on this claim. Finally, the magistrate judge concluded that Plaintiff's frequent need to urinate due to an enlarged prostrate renders Plaintiff disabled under the ADA and the RA and that Plaintiff has presented sufficient evidence to show that he was denied a service or programming as a result of his asserted disability.

After conducting a de novo review of the R & R, Defendants' Objections, and the pertinent portions of the record, *see* 28 U.S.C. § 636(b)(1), the Court concludes that the R & R should be adopted in part and rejected in part, as set forth below.

1. **Eighth Amendment Claim**

Citing the Court's prior Order (dkt. # 43), the magistrate judge rejected Defendants' argument that Plaintiff's Eighth Amendment rights were not violated when Plaintiff was denied use of the restroom for only 30 or 40 minutes at a time. (R & R at 6.) The magistrate judge further rejected Defendants' contention that they are entitled to qualified immunity because there was no clearly established law that would have put Defendants on notice that their conduct violated Plaintiff's constitutional rights. More specifically, the magistrate judge concluded that Defendants' reliance on the Sixth Circuit's decision in *Simpson v. Overton*, 79 F. App'x 117 (6th Cir. 2003), is

2

misplaced, because in *Simpson*, one defendant lacked the authority to grant an exemption to the warden's policies and the other two defendants were not personally involved in the alleged constitutional violation. (R & R at 7.)

In their Objections, Defendants contend that the magistrate judge erred in concluding that they are not entitled to qualified immunity because there is no clearly established law that would have put them on notice that their conduct violated Plaintiff's clearly established right. As Defendants concede, the Supreme Court has recognized that "a deprivation of bathroom breaks that created a risk of particular discomfort and humiliation" can constitute a "gratuitous infliction of 'wanton and unnecessary' pain." *Hope v. Pelzer*, 536 U.S. 730, 738, 122 S. Ct. 2508, 2514–15 (2002). Similarly, the Sixth Circuit has recognized that "forcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation." *Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003). Defendants contend, however, that qualified immunity is appropriate in this case because Plaintiff can cite no case in which the prisoner was precluded from using the bathroom for less than an hour and healthcare offered the prisoner incontinence pads to accommodate his need to use the bathroom. To constitute clearly established law, the contours of the particular right must be sufficiently clear that a reasonable official would understand that his conduct violates that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987). However, "a case 'directly on point' is not required." *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013) (quoting *Ashcroft v. al-Kidd*, — U.S. —, 131 S. Ct. 2074, 2083 (2011)). In some instances, a general statement of the law may suffice to put a defendant on notice. *Id.* "Some violations of constitutional rights are so obvious that a 'materially similar case' is not required for the right to be clearly established." *Id.* (quoting *Brosseau v. Haugen*, 534 U.S. 194, 199, 125 S. Ct. 596 (2004)). Thus, "an action's unlawfulness can be apparent from

direct holdings, from specific examples described as prohibited, or from the general reasoning that a court employs." *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

In light of the foregoing case law, the Court agrees with the magistrate judge that Plaintiff has alleged a violation of clearly established law. At the time of the alleged violations, the law was clear that a refusal of bathroom privileges, particularly when the prisoner has a medical condition causing more frequent urination and pain associated with the inability to do so, can result in an Eighth Amendment violation. *See Boles v. Lewis*, No. 1:07-CV-277, 2008 WL 4534043, at *5 (W.D. Mich. Sept. 30, 2008) (concluding that the plaintiff, who had a medical condition causing frequent urination, presented sufficient evidence to establish his Eighth Amendment claim based on the defendant's repeated denials of the plaintiff's requests to use a toilet during the count period); *Winburn v. Hadfield*, No. 2:06-CV-130, 2007 WL 737739, at *2 (W.D. Mich. Mar. 7, 2007) (refusal to allow prisoner with history of kidney stones to use the restroom, resulting in prisoner urinating on himself, could give rise to Eighth Amendment claim). Moreover, in contrast to *Simpson*, the prison rules in effect at the time of the incidents in this case did not preclude prisoner use of the bathroom during count; rather, prisoners could use the bathroom with an officer's permission. (Dkt. # 131-5 at Page ID 1168.)

Defendants Woods and LaLonde also object to the magistrate judge's conclusion that Plaintiff has presented sufficient evidence to show that they were personally involved in denying Plaintiff use of the restroom. Although the Court previously concluded that Plaintiff presented sufficient evidence to show that Defendant Woods may be directly liable for violating Plaintiff's Eighth Amendment rights, having thoroughly reviewed the record in light of Defendants' Objections, the Court now concludes that Plaintiff fails to show that Defendant Woods was personally involved in denying Plaintiff restroom access. Plaintiff's evidence shows that Defendant

Woods advised inmates with a legitimate medical need to use the restroom during count to obtain a medical detail from health care. (Dkt. # 131-10 at Page ID 1180.) The only evidence Plaintiff offers to show that Defendant Woods refused to allow health care to write details for bathroom purposes is health care's March 27, 2009 response to Plaintiff's March 26, 2009 kite, which states, "Health care is unable to write details for bathroom purposes, this is a custody issue." (Dkt. # 131-8.) Nothing in this exhibit suggests that anybody, let alone Defendant Woods, told or instructed health care not to write details for bathroom purposes. More likely, the response reflects some uncertainty or a misunderstanding between health care and custody staff regarding medical details for bathroom usage during count, particularly in light of the fact that Plaintiff actually received a medical detail for bathroom usage a short time later. Accordingly, the Court concludes that Defendant Woods is entitled to summary judgment.

As for Defendant LaLonde, for the reasons stated in the R & R, the Court is satisfied that Plaintiff has presented sufficient evidence that he "at least implicitly authorized, approved, or knowingly acquiesced in [Defendant Kott's] unconsitutional conduct." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (internal quotation marks omitted).

**2. Retaliation Claim**

Citing the Court's March 27, 2012 Order (dkt. #43), the magistrate judge rejected Defendant LaLonde's argument that Plaintiff did not suffer an adverse action when he was transferred to a different unit. The magistrate judge further concluded that Defendant LaLonde is not entitled to qualified immunity on this claim.

In spite of its prior order, the Court has reconsidered its prior conclusion in light of Sixth Circuit precedent and concludes that the transfer from one level II housing unit to another level II housing unit at KCF did not constitute an adverse action required to support a retaliation claim.[1]

In numerous unreported cases, the Sixth Circuit has concluded that a transfer from one prison facility to another generally does not constitute an adverse action. *See, e.g.*, *Hermansen v. Ky. Dep't of Corr.*, No. 13-6159, 2014 WL 715706 (6th Cir. Feb. 26, 2014) (per curiam) (noting that normally, a transfer to another prison facility "would not qualify as an adverse action"); *Smith v. Yarrow*, 78 F. App'x 529, 543 (6th Cir. 2003) (collecting cases). However, the Sixth Circuit has also recognized that, in limited circumstances, a transfer can be an adverse action if it results in foreseeable, negative consequences to the particular prisoner. For example in *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005), the court concluded that a transfer to another prison constituted an adverse action because the transfer resulted in the plaintiff losing his high-paying prison job that he needed to pay his attorney, and the transfer made it more difficult for the plaintiff's attorney to visit with or represent the plaintiff because the plaintiff was moved farther away from his attorney. *See id.* at 701–02. The court held that these consequences sufficed to render the transfer adverse because they were reasonably foreseeable consequences of the transfer. *Id.* In *Pasley v. Conerly*, 345 F. App'x 981 (6th Cir. 2009), the court held that a threat to transfer a prisoner far away from his family was an adverse action because it was foreseeable that his family would not be able to visit him. *Id.* at 985. On the other hand, in *Friedman v. Corrections Corp. of America*, 11 F. App'x 467 (6th Cir 2001), the court concluded that a transfer to a facility that was farther away from the plaintiff's

---

[1] In his response to Defendants' Objections, Plaintiff argues that the law-of-the-case doctrine applies to this Court's prior rulings. The doctrine "holds that a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United states v. Cunningham*, 679 F.3d 355, 376–77 (6th Cir. 2012) (internal quotation marks omitted). In this situation, however, the doctrine does not prohibit the Court from revisiting its own prior decisions. *See Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998) (holding that the doctrine is "discretionary when applied to a coordinate court or the same court's own decisions").

visitors and that did not offer the programs in which the plaintiff had participated at his former facility was not an adverse action, because such consequences are normally incident to a prison transfer and do not constitute the type of "aggravating circumstances" required to render a transfer adverse action. *Id.* at 471.

In this case, Plaintiff alleges that F-Unit, where Plaintiff was transferred, was less desirable than E-Unit because it had dormitory-style housing and less privacy and was farther from the chow hall. Plaintiff also argues that prisoners housed in F-Unit were subject to higher rates of property confiscation than prisoners housed in other units, and that as a result of the move, Plaintiff experienced an episode of shortness of breath and tightness in the chest while walking to the chow hall in July of 2009. In the Court's judgment, these consequences resulting from the transfer to F-Unit are not materially different than those alleged in *Friedman*. Plaintiff does not allege that F-Unit had fewer bathrooms than E-Unit or that the move made it more difficult for Plaintiff to access a bathroom. Moreover, Plaintiff fails to allege that Defendant Lalonde had any reason to believe that Plaintiff might suffer an incident of shortness of breath as a result of being moved farther away from the chow hall. *See Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) ("Although Plaintiff claims that the facility had a worse living environment, Plaintiff fails to allege that the facility lacked smoke or tobacco-free housing or that Defendants Prelesnik and Lovett had any basis to believe that Plaintiff would be denied a request to be housed in such facilities.") (internal quotation marks omitted). Accordingly, Defendant Lalonde is entitled to summary judgment on this claim.

3.  **ADA and RA Claim**

Defendants contend that the magistrate judge erred in concluding that Plaintiff qualifies as an individual with a disability for purposes of his ADA and RA claims, and that Plaintiff has shown

7

that he was excluded from, or denied, services, programs or activities because of his asserted disability. Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Section 504 of the RA provides, in relevant part:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). Plaintiff argues that Defendants violated these provisions because Plaintiff received misconduct tickets for going to the bathroom without permission, which resulted in Plaintiff being confined to his cell for 14 days, during which time he was permitted to leave his cell only with permission. Plaintiff argues that during this time he was excluded from programs and activities, including going to chow, having yard time with other inmates, and working at his prison job.

Even assuming that Plaintiff is disabled under the ADA and RA, he fails to show that he was excluded from a program or activity "by reason of such disability," for purposes of the ADA, or "solely by reason of . . . his disability," for purposed of the RA. Giving Plaintiff the benefit of all reasonable inferences, the evidence shows that Plaintiff was unable to go to chow, to have yard time with other inmates, and to work his prison job not because of his disability, but because of his conduct underlying his misconduct tickets. Although Plaintiff's alleged disability played a part in the misconduct tickets, Plaintiff was not given the misconduct tickets because of his disability, but for disobeying a direct order and insolence. *Cf. Bates ex rel. Johns v. Chesterfield Cnty.*, 216 F.3d 367, 373 (4th Cir. 2000) ("And Bates was not arrested because of his disability. Rather, he was

8

arrested because there was probable cause to believe that he assaulted a police officer. Thus the stop, the use of force, and the arrest of Bates were not by reason of Bates's disability, but because of Bates' objectively verifiable misconduct."); *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1032–33 (6th Cir. 1995) (concluding that the passage of time, rather than plaintiffs-high school students' learning disabilities, rendered the plaintiffs ineligible to participate in high school athletics due to an age limitation). Thus, Plaintiff's exclusion from the foregoing activities resulted from the misconduct tickets, not his disability.

In sum, the Court concludes that Defendant Woods is entitled to summary judgment on Plaintiff's Eighth Amendment claims and that the retaliation claim and ADA and RA claims should be dismissed in their entirety. Plaintiff's Eighth Amendment claim against Defendants Kott and LaLonde remains for trial.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 12, 2013 (dkt. # 136 ) is **ADOPTED IN PART AND REJECTED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motions For Summary Judgment (dkt. ## 109 and 125) are **GRANTED IN PART AND DENIED IN PART**. The motions are **granted** with regard to Plaintiff's Eighth Amendment claim against Defendant Woods and with regard to Plaintiff's retaliation and ADA and RA claims against all Defendants.

The case will continue on Plaintiff's Eighth Amendment claim against Defendant Kott and LaLonde.

Dated: February 28, 2014     /s/ Gordon J. Quist
                             GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE