UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LANCE MCNEAL #302062,

    Plaintiff,

v.                                                         Case No. 2:11-CV-78

GARY KOTT and                                  HON. GORDON J. QUIST
DAVID LALONDE,

    Defendants.
_____/

### MEMORANDUM ORDER: (1) GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL; (2) DENYING PLAINTIFF'S MOTION NOT TO STAY TRIAL PROCEEDINGS; and (3) DISMISSING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION

On February 28, 2014, the Court entered a Memorandum Order Adopting in Part and Rejecting in Part Report and Recommendation, which adopted the magistrate judge's recommendation that Defendants Kott and LaLonde are not entitled to qualified immunity. On March 12, 2014, Defendants Kott and LaLonde appealed the denial of qualified immunity to the Sixth Circuit. Trial is set for March 19, 2014. The issue at hand is whether the Court should stay the case in light of Defendants' interlocutory appeal. For the following reasons, the Court concludes that it lacks jurisdiction to proceed with trial, and therefore it must stay the case. However, to the extent such a procedure exists in the Sixth Circuit, the Court certifies to the Sixth Circuit that Defendants' interlocutory appeal is frivolous because Defendants have waived their right to review the Court's qualified immunity ruling.

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed his *pro se* complaint in this case against Defendants Jeff Woods, Dave LaLonde, Gary Kott, and Richard

Piazza on February 28, 2011, asserting claims under 42 U.S.C. § 1983 for violation of his constitutional rights under the First, Eighth, and Fourteenth Amendments, and claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (RA). Plaintiff filed an amended complaint on May 4, 2011, which added Patricia Caruso as a Defendant.

On July 26, 2011, Defendants moved for summary judgment on all claims arguing, among other things, that they are entitled to qualified immunity. (Dkt. ## 16, 17.) On February 16, 2012, Magistrate Judge Greeley issued a report and recommendation recommending that the Court grant Defendants' motion for summary judgment in part and deny it in part. In particular, the magistrate judge recommended that Defendants are not entitled to qualified immunity on Plaintiff's Eighth Amendment claim. (Dkt. # 29 at Page ID 334.) Plaintiff and Defendants filed objections to the report and recommendation. (Dkt. ## 33, 37.) In their objections, Defendants argued that the magistrate judge erred in concluding that Plaintiff demonstrated the requisite personal involvement of Defendants LaLonde and Woods and that Plaintiff presented sufficient evidence to support an Eighth Amendment claim, but they failed to object to the magistrate judge's conclusion that they are not entitled to qualified immunity. The Court adopted the report and recommendation in part and rejected it in part. (Dkt. # 43.) Because Defendants did not challenge the magistrate judge's conclusion that Defendants are not entitled to qualified immunity on Plaintiff's Eighth Amendment claim, the Court did not review it. Defendants also did not appeal the denial of qualified immunity, as is permitted under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806 (1985). Thus, the ruling on qualified immunity became the law of the case. *See Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002) ("Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation.").

On October 26, 2012, Plaintiff was appointed counsel. (Dkt. # 72.) Thereafter, the parties engaged in discovery. On August 30, 2013, Defendants filed a second motion for summary judgment asserting essentially the same grounds as their first motion for summary judgment, including that they are entitled to qualified immunity on Plaintiff's Eighth Amendment claim. (Dkt. ## 125, 126.) On December 12, 2013, the magistrate judge issued a report and recommendation recommending that Defendants' second motion for summary judgment be denied, including their argument regarding qualified immunity. (Dkt. # 136.) Defendants filed objections to the report and recommendation, including an objection to the magistrate judge's conclusion regarding qualified immunity. On February 28, 2014, the Court entered a Memorandum Order Adopting in Part and Rejecting in Part Report and Recommendation, including adoption of the magistrate judge's conclusion regarding qualified immunity. (Dkt. # 154.) Defendants then filed their pending appeal.

Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2817 (1985). To ensure that defendants receive the benefit of this protection, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991). An order denying a defendant qualified immunity solely on an issue of law is immediately appealable. *Sheets v. Mullins*, 287 F.3d 581, 585 (6th Cir. 2002). "The justification for allowing an interlocutory appeal in such a case is that the rights created by immunity would effectively be destroyed if the defendant were forced to defend himself at trial before a final determination was made as to immunity." *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 921 (N.D. Ohio 2000) (citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (internal quotation marks omitted). In *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991), the defendant waited five years after the complaint was filed to raise the qualified immunity defense, and then appealed the district court's denial of qualified immunity. The Sixth Circuit recognized that although interlocutory qualified immunity appeals are necessary to enforce the qualified immunity defense, they may be used for improper purposes.

> Unfortunately, *Forsyth* appeals can be employed for the sole purpose of delaying trial. This possibility has not eluded the attention of the Courts of Appeal. In *Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986), *cert. denied sub nom. Hanton v. Kennedy*, 479 U.S. 1103, 107 S. Ct. 1334, 94 L. Ed. 2d 185 (1987), this court held that the right to take an interlocutory appeal of denial of qualified immunity was "subject to waiver for noncompliance with reasonable temporal limitations placed by the district court upon the filing of motions seeking immunity." *Id.* at 298. In *Kennedy*, the district court denied, and this court affirmed, the defendants' summary judgment motion based on qualified immunity because the motion was filed after the deadline for dispositive motions had passed. *Id.* at 303–04.

*Id.* at 448. The court noted that in *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), the Seventh Circuit suggested that appellate courts could limit improper use of *Forsyth* appeals by allowing district courts to certify appeals as frivolous and proceed to trial or by providing for summary disposition of appeals in which the defendant has delayed in asserting the defense or used it in a manipulative fashion. *Id.* at 448–49 (citing *Apostol*, 870 F.2d at 1339). Although the court intimated that the circumstances supported a finding of waiver, it declined to address the plaintiff's wavier argument because the district court made no findings of frivolousness or waiver. *Id.* at 450.

The import of *Yates* is uncertain. Some district courts have read the case to suggest that a district court retains jurisdiction over a case if it certifies the appeal as frivolous. *See Estate of*

*Lawson ex rel. Fink v. City of Hamilton*, No. C-1-07-927, 2009 WL 1850332, at *1 (S.D. Ohio June 25, 2009) (noting that the Sixth Circuit has "approved the practice of the district court certifying an appeal as frivolous and retaining jurisdiction of the case"); *Pucci v. 19th Dist. Court*, No. 07-10631, 2009 WL 596196, at *3 (E.D. Mich. Mar. 6, 2009) (citing *Yates* for the proposition that "if a district court certifies a complaint as frivolous, it retains jurisdiction"). In *Dickerson v. McClellan*, 37 F.3d 251 (6th Cir. 1994), the district court certified the defendants' appeal as frivolous and directed that the notice of appeal be dismissed. *Id.* at 251–52. The Sixth Circuit held that the district court exceeded its authority because the notice of appeal divested the district court of jurisdiction and transferred jurisdiction to the court of appeals. *Id.* at 252. Thus, the court of appeals was required to determine its own jurisdiction, and the decision to dismiss the notice of appeal was for the court of appeals rather than the district court. *Id.* The court observed that although *Yates* "suggested . . . that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous," it provides no basis for a district court to dismiss an appeal of its order denying qualified immunity. *Id.*

In this case, the only claims remaining for trial are Plaintiff's Eighth Amendment claims against Defendants LaLonde and Kott, which are the subject of Defendants' pending appeal. If, as *Dickerson* says, a notice of appeal divests this Court of jurisdiction, and the court of appeals alone is to determine whether the notice of appeal should be dismissed, it is difficult to see how this Court can retain jurisdiction and proceed with a trial on the pending claims. In other words, while this Court may conclude that Defendants long ago waived any further review of the denial of qualified immunity, it is not aware of any authority that would allow the Court to proceed to trial on claims over which its jurisdiction has been divested by a notice of appeal. *See Adams v. Yontz*, Nos. 94-3767, 94-3770, 1996 WL 5563, at *3 (6th Cir. Jan. 5, 1996) (per curiam) (concluding that the district

court erred in certifying the defendant's appeal as frivolous and denying the defendant's motion to stay the trial).

To the extent the Sixth Circuit has adopted a formal procedure for the district court to certify that a defendant has waived its right to appeal an order denying qualified immunity or that such an appeal is frivolous, *see Stoudemire v. Mich Dep't of Corr.*, 705 F.3d 560, 570 (6th Cir. 2013) (citing *Yates* and noting that "we have previously declined to dismiss interlocutory appeals on waiver grounds where the district court made no findings of waiver"); *Taylor v. Mich. Dep't of Corr.*, No. 92-2426, 1993 WL 533470, at *2 (6th Cir. Dec. 22, 1993) (declining to address the waiver issue because the district court failed to address the issue), this Court certifies that Defendants have waived their right to further review of the denial of qualified immunity. Pursuant to the Court's March 27, 2012 Order (dkt. # 43), the Court adopted the magistrate judge's recommendation that the Court deny Defendants' motion for summary judgment on the issue of qualified immunity. Because Defendants failed to object to the magistrate judge's recommendation to deny qualified immunity, they waived appellate review of the Court's order denying qualified immunity. *See Thomas v. Arn*, 474 U.S. 140, 142, 106 S. Ct. 466, 468 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Moreover, Defendants should have appealed the denial of qualified immunity at the earliest opportunity—when the Court adopted the report and recommendation on March 27, 2012. Their failure to do so at the time and instead proceed with the case constitutes a separate and independent ground for waiver.

Therefore,

**IT IS HEREBY ORDERED** Defendants Kott and Lalonde's Motion to Stay Proceedings Pending Appeal (dkt. # 165) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Not to Stay Trial Proceedings Pending Qualified Immunity Appeal by Defendants (dkt. # 163) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of Memorandum and Order Adopting in Part and Rejecting in Part Report and Recommendation (dkt. # 164) is **DISMISSED AS MOOT**.

Dated: March 17, 2014                    /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE