LANCE MC NEAL, #302062
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442-6298

FILED - GR
April 9, 2014 12:56 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_kvt /_____ SCANNED BY:

March 7, 2014

Gordon J. Quist, Judge
United States District Court,
Western District of Michigan
Federal Building
110 Michigan Street, N.W.
Grand Rapids, MI 49503

Re: Case No. 14-1311, Lance Mc Neal v. Gary Kott, et al
    originating Case No.: 2:11-cv-78

Dear Judge Quist:

As you may remember, last month my above cited case was transferred to the Sixth Circuit because the Defendants' appealed your denial of qualified immunity. **However, on April 4, 2014, I received a letter from my court appointed pro bono attorney, Daniel E. Manville/MSU College of Law's, Civil Rights Clinic, which had enclosed a briefing schedule, and said he would notify the Sixth Circuit that they will not be counsel of record, and that he had not filed an appearance.** Therefore, because of our breakdown in attorney/client relationship, the possible significance of this appeal to Michigan jurisprudence where you questioned whether a procedure exist for the District court to stay the proceedings if the Court concluded the appeal was frivolous (Doc #173), and for the prejudice explained below that the case may suffer from this delay, **I'm writing to ask your assistance in obtaining new pro bono counsel.**

While I do not believe this is the appropriate time to enumerate every problem Mr. Manville and I had, I will briefly attempt to explain the recent events leading up to our present situation. On March 14, 2014, five days before my trial was scheduled to begin, attorney Manville and a law student, Emily Rucker, came to visit me. Mr. Manville informed me that the Defendants' appealed the denial of qualified immunity, and that he filed two motions asking the Court not to stay the trial. **Mr. Manville went on to say, if the trial was postponed pending the appeal, he would be requesting to withdraw his representation for the appeal, and any future trial.** When I asked why, he said, these students are graduating, and there would not be enough benefit to his new students to handle the appeal, or a trial in which other students had already done the work. In the middle of my dismay and shock, I asked him, 1) what about his obligation to me, his client; and 2) shouldn't he have raised the issue that the Defendants' waived their right to review in his response to their Motion for Summary Judgment, instead of in his recently filed Motion for Reconsideration  Manville's response was that I should have reminded him that they had already been denied qualified immunity. **Finally, Mr. Manville told me that my only witness to the events in my Complaint, Kevin Burbank, was planning to move out of the State in 6 months,**

**which will make the prejudice from this erroneous delay even more significant.**

Then on March 17, 2014, during a phone meeting Mr. Manville told me of the Court's decision to certify that the appeal is frivolous, but that it knew of no authority to allow it to proceed with the trial. Mr. Manville went on to say that this ruling has made this an impact issue that may affect other prisoners, and he is now willing to handle the appeal. Needles to say, it is now apparent that attorney Manville only has his interests at heart. I found it appalling, unethical, and inconsistent with MRPC concerning his obligation to his client, that he would withdraw from the case simply because there was not **enough** benefit to his future students. I found it even more incredulous when you consider his failure to timely raise the waiver issue, is what allowed the Defendants to erroneously appeal and delay the trial. A delay that will seriously harm my case if the witness leaves the State as he plans. **Yet, attorney Manville is unwilling to take a deposition from that witness to reduce the possible prejudice the witness' unavailability for trial will cause, nor is attorney Manville willing to commit to represent me at trial.**

Therefore, because of these and other decisions by attorney Manville during the course of this litigation, I cannot overcome my lack of trust or confidence in his representation. **Since this appeal is obviously significant, and my constitutional rights should be just as important, I'm asking for your assistance in obtaining another attorney to represent me in this matter on appeal and at trial.** If you cannot help, would you please let me know how I should proceed to obtain new counsel

Sincerely,

*[signature]*

Lance Mc Neal


cc: File